IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-rj-00003-MEH

INVERSORA MURTEN, S.A.,

    Plaintiff,

v.

ENERGOPROJEKT HOLDING COMPANY,

    Defendant.

_____

**ORDER ON BBCI'S MOTION TO SET ASIDE DEFAULT AND TO QUASH SERVICE**
_____

Non-party Bilfinger Berger Civil, Inc. ("BBCI") has filed a Motion to Set Aside Default and to Quash Service [Docket #10], arguing that Plaintiff's service on BBCI was ineffective, because Plaintiff served BBCI via Federal Express, and the Complaint was not received by a proper agent of BBCI. The matter is fully briefed and is ripe for resolution. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Set Aside Default and to Quash Service.

**I.     Facts**

Plaintiff received a judgment against Energoprojekt Holding Company from the United States District Court, District of New Jersey in 1996. In an attempt to collect on that judgment, Plaintiff filed this garnishment action to garnish the earnings of Energoprojekt Holding Company that it expects to receive from Bilfinger Berger A.G. ("BBAG"). Plaintiff alleges that BBCI is a wholly-owned indirect subsidiary of BBAG located in Colorado and seeks to garnish any payments from BBAG to Energoprojekt Holding Company by serving a Writ of Garnishment on BBCI. Plaintiff sought an Entry of Default against BBAG, but the Court requested supplemental briefing. Dock. #

6. In response, Plaintiff argued that its service by Federal Express was proper and that BBCI was a proper agent of BBAG. Plaintiff also objected to this Court's consideration of jurisdiction prior to the entry of default rather than prior to default judgment. Considering these arguments, this Court exercised its discretion to allow default to enter against BBAG because "Plaintiff has made a colorable argument that service of process was properly effected on the garnishee." Dock. #8. This Court further reasoned that the "legal sufficiency of jurisdiction will be addressed upon motion for default judgment." Because BBCI now seeks to set aside the Clerk's Entry of Default, the Court will now consider whether service was properly effected, in light of BBCI's arguments, and whether jurisdiction exists over the garnishee.

**II.     Discussion**

As an initial matter, Plaintiff argues that BBCI has no standing to contest either the Entry of Default or the validity of service because the Writ of Garnishment was served on BBAG. However, Plaintiff served the writ on BBCI as an agent of BBAG and is seeking to use the jurisdictional contacts of BBCI for purposes of this action. What effect, if any, BBCI's position in objecting to the default entered against BBAG will have on the issue of agency relied upon by Plaintiff in serving BBCI with the Writ of Garnishment against BBAG need not be addressed to resolve this motion.

Plaintiff argues that the Entry of Default should only be set aside if BBCI can establish "good cause" as required by Fed. R. Civ. P. 55(c). Plaintiff relies on a three-factor test, which the Tenth Circuit articulated as follows: (1) whether the Defendant's culpable conduct led to the default; (2) whether Plaintiff will be prejudiced by setting aside the entry of default; and (3) whether Defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. Aug. 8, 2003). Conversely, BBCI argues that this test does not apply because Plaintiff did not properly serve BBAG.

In this case, Plaintiff served the Writ of Garnishment against BBAG on BBCI via Federal Express. Plaintiff asserts that such service is proper for two reasons: (1) the courier is not a party and is over eighteen years of age; and (2) BBCI is a proper agent of BBAG because it is a wholly-owned indirect subsidiary. In its motion, BBCI argues that Plaintiff can provide no affidavit of service and that Plaintiff did not serve a proper agent of BBCI but, rather, served a "temporary administrative assistant in BBCI's estimating department." Motion at p. 5. BBCI also alleges that no agency relationship exists between BBAG and BBCI.

Pursuant to the Federal Rules of Civil Procedure, service of process for a garnishment action is governed by the state rules of civil procedure in which the district court resides. Fed. R. Civ. P. 69(a). Thus, Colorado Rules of Civil Procedure apply. Under Colorado law, a private corporation is properly served in the following manner:

> . . . by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:
>
> (A) An officer of any form of entity having officers;
>
> (B) A general partner of any form of partnership;
>
> (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;
>
> (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers . . . .

C.R.C.P. 4(e). Proof of such service is "by a duly acknowledged statement as to date, place, and manner of service." C.R.C.P. 4(h).

In the present case, BBCI alleges that Plaintiff served a temporary assistant, C. Byerly, rather

3

than a proper agent of BBCI.  In addition, Plaintiff's affidavit of service states that "I, Carolyn A. Raio, affirm that I have served a copy of the Writ of Garnishment on Bilfinger Berger A.G., c/o Bilfinger Berger Civil, Inc., January 31, 2006, at ------ , by Fed Ex."  Dock. #4, p. 2.  Ms. Raio is not the Federal Express employee who actually served the Writ of Garnishment.  Plaintiff argues that service was proper because BBCI's legal counsel responded to the writ.  Thus, Plaintiff argues that no questions regarding the validity of process exists and that pursuant to the Federal Rules "[f]ailure to make proof of service does not affect the validity of service."  Fed. R. Civ. P. 4(l).  Nevertheless, BBCI's informal acknowledgment to Plaintiff does not waive its right to contest service in Court, because BBCI's arguments center on whether the service effectuated was valid, not just on the proof of service.  Based on the entire record herein, the Court finds that Plaintiff has failed to properly serve BBCI by serving a proper agent of BBCI and providing proof of such service.  Thus, the Court will **grant** BBCI's Motion and will **quash** Plaintiff's service as invalid.  Because the Court concludes service was invalid, the Court need not address the alleged agency relationship between BBCI and BBAG.

### III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that BBCI's Motion to Set Aside Default and to Quash Service [Filed August 29, 2006; Docket #10] is **granted**.

Dated at Denver, Colorado, this 24th day of October, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge